Justice GINSBURG, concurring in part and dissenting in part.
I agree with the Court's disposition of the second question presented. As to the first question, I would not summarily reverse a judgment when application of the proper standard would likely yield restoration of the judgment. In the District Court and on appeal to the Seventh Circuit, Planned Parenthood of Indiana and Kentucky urged that Indiana's law on the disposition of fetal remains should not pass even rational-basis review.[1] But as Chief Judge Wood observed, "rational basis" is not the proper review standard. Planned Parenthood of Indiana and Kentucky, Inc. v. Commissioner of Indiana State Dept. of Health , 917 F. 3d 532, 534 (CA7 2018) (opinion concurring in denial of rehearing en banc). This case implicates "the right of [a] woman to choose to have an abortion before viability and to obtain it without undue interference from the State," Planned Parenthood of Southeastern Pa. v. Casey , 505 U. S. 833, 846, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), so heightened review is in order, Whole Woman's Health v. Hellerstedt , 579 U. S. ----, ----, 136 S.Ct. 2292, 2309-2310, 195 L.Ed.2d 665 (2016).
It is "a waste of th[e] [C]ourt's resources" to take up a case simply to say we are bound by a party's "strategic litigation choice" to invoke rational-basis review alone, but "everything might be different" under the close review instructed by the Court's precedent. 917 F. 3d at 534, 535 (opinion of Wood, C. J.). I would therefore deny Indiana's petition in its entirety.[2]

One may "wonder how, if respect for the humanity of fetal remains after a miscarriage or abortion is the [S]tate's goal, [Indiana's] statute rationally achieves that goal when it simultaneously allows any form of disposal whatsoever if the [woman] elects to handle the remains herself," Planned Parenthood of Indiana and Kentucky, Inc. v. Commissioner of Indiana State Dept. of Health , 917 F. 3d 532, 534 (CA7 2018) (Wood, C. J., concurring in denial of rehearing en banc), "and continues to allow for mass cremation of fetuses," Planned Parenthood of Indiana and Kentucky, Inc. v. Commissioner of Indiana State Dept. of Health , 888 F. 3d 300, 309 (CA7 2018) (case below).

Justice THOMAS' footnote, ante, at 1783, n. 1, displays more heat than light. The note overlooks many things: "This Court reviews judgments , not statements in opinions," California v. Rooney , 483 U. S. 307, 311, 107 S.Ct. 2852, 97 L.Ed.2d 258 (1987) (per curiam ) (quoting Black v. Cutter Laboratories , 351 U. S. 292, 297, 76 S.Ct. 824, 100 L.Ed. 1188 (1956) ; emphasis added); a woman who exercises her constitutionally protected right to terminate a pregnancy is not a "mother"; the cost of, and trauma potentially induced by, a post-procedure requirement may well constitute an undue burden, 917 F. 3d at 534-535 (opinion of Wood, C. J.); under the rational-basis standard applied below, Planned Parenthood of Indiana and Kentucky had no need to marshal evidence that Indiana's law posed an undue burden, id., at 535.